IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| STATE OF KANSAS, et al., | § |
| *Plaintiffs*, | § § § |
| v. | § § § |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, et al., | § § § § § § Civil Action No. 6:24-cv-01057-DDC-ADM |
| *Defendants.* | § |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR BRIEFING ORDER

The States interpret the several pages of argument in Defendants' Response to the Court's Scheduling Notice and Proposed Interim Scheduling Order, ECF No. 40, as, functionally, a response to Plaintiff's Motion for Scheduling Order, ECF No. 39, and thus reply as follows:

1. Contrary to Defendants' suggestion, *see* Resp. 2–3, 5, the need for urgency is not entirely of the States' making. Yes, the Final Rule was published last year. And, yes, the suit was not filed until March 28 of this year. But the rule was not *supposed* to be effective until July 1. 88 Fed. Reg. 43,820, 43,820 (July 10, 2023). Yet, in February, Defendants decided to transfer $1.2 billion in student-loan debt onto the backs of American taxpayers instead of those who had willingly taken on the burdens of that debt start—putting the challenged rule into effect more than four months early. U.S. Dep't of Educ., Press Release, *Biden-Harris Administration Approves $1.2 Billion in Loan Forgiveness for Over 150,000 SAVE Plan Borrowers* (Feb. 21, 2024), *available at* https://www.ed.gov/news/press-releases/biden-harris-administration-approves-12-billion-loan-forgiveness-over-150000-save-plan-borrowers. And then, just today, they decided to do the same trick with another $7.4 billion in student debt. U.S. Dep't of Educ., Press Release, *Biden-Harris Administration Announces Additional $7.4 Billion in Approved Student Debt Relief for 277,000 Borrowers* (Apr. 12, 2024), *available at* https://www.ed.gov/news/press-releases/biden-harris-

[administration-announces-additional-74-billion-approved-student-debt-relief-277000-borrowers](#). It is *Defendants*' actions, then, that have created the urgency here, not the States'.

2. Defendants respond that the Final Rule indicated they might do everything early, so the states should have been prepared. Resp. 5–6 n.1. But that misunderstands the nature of a motion for a preliminary injunction. The focus for such a motion is on the harm to the moving party. And, for the most part, the harm that justifies an injunction in this case comes from the actual, concrete forgiveness itself, not some distant prospect of forgiveness in the future. Prelim. Inj. Br. 29, ECF No. 24; *accord id.* 7–9; *see also Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) (harm justifying preliminary injunction must be "real and immediate"). At any rate, the States *were* prepared. The suit in this case was filed barely a month after the first round of loan forgiveness was announced. This is similar to the timeline that Defendants say justified the speedy briefing schedule to which they agreed in *Nebraska v. Biden*. *See* Resp. 6.

3. Also, Defendants' claim that the states want to proceed at a "needlessly breakneck pace" (Resp. 3) is odd. The States' proposed briefing schedule gives Defendants seventeen days to respond to the motion for a preliminary injunction—three additional days beyond this Court's ordinary deadline, *see* D. Kan. Rule 6.1(d)(4). *See* Mot. 1. It also gives Defendants an opportunity for a sur-reply (and four days to prepare it) beyond that. *Id.* This is a reasonable briefing schedule that gives due consideration to what Defendants repeatedly call "important issues of nationwide significance." Resp. 3, 5. But it also accounts for the nature of the request: a motion for a preliminary injunction, which presumes imminent or ongoing irreparable harm.

WHEREFORE, the States renew their request for the Court to adopt their proposed briefing schedule.

Respectfully submitted this 12th day of April, 2024.

KRIS W. KOBACH
Attorney General of Kansas


*/s/ Erin B. Gaide*
Erin B. Gaide
Bar Number 29691
*Assistant Attorney General*
Abhishek S. Kambli
Bar Number 29788
*Deputy Attorney General*
Office of the Kansas Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
Phone: (785) 296-7109
Email: erin.gaide@ag.ks.gov
Email: abhishek.kambli@ag.ks.gov

Drew C. Ensign, pro hac vice
Holtzman Vogel Baran Torchinsky & Josefiak
    PLLC
2575 E. Camelback Road, #860
Phoenix, Arizona 85016
Phone: (602) 388-1262
Email: densign@holtzmanvogel.com

*Counsel for Plaintiff State of Kansas*

3