IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STATE OF KANSAS, et al.,**

               **Plaintiffs,**

v.

**JOSEPH R. BIDEN, et al.,**

               **Defendants.**

Case No. 24-1057-DDC-ADM

## **MEMORANDUM AND ORDER**

Plaintiffs filed their Complaint (Doc. 1) on March 28, 2024, challenging a Department of Education rule that will forgive student loan debt for certain borrowers. When plaintiffs filed their Complaint, they also announced their plan to seek a preliminary injunction, *see* Doc. 3, preventing the rule from going into effect on July 1, 2024—though, plaintiffs assert, defendants already have begun to put the challenged rule into effect. Given the time-sensitive nature of these issues, the court ordered the parties to confer about a schedule for the case. Doc. 8. The court had hoped the parties could agree on a proposed schedule that would manage the case's substantial issues—and do so in the case's time-sensitive context. Plaintiffs have filed a Motion for Scheduling Order (Doc. 39), asking the court to set an appropriate briefing schedule. The court agrees that it must establish a schedule and thus grants plaintiffs' motion in part. The actual schedule, however, proves more complicated. Defendants don't object to plaintiffs' request that the court issue its decision before June 24, 2024, but that is the end of common ground. So, the court will decide the case's near term schedule.

For their part, plaintiffs have filed their Motion for a Preliminary Injunction (Doc. 23) and, understandably, want that motion fully briefed as soon as possible. Doc. 39 at 1. Plaintiffs propose a schedule where they file their Reply on April 29, with a motion hearing to follow. *Id.* Plaintiffs acknowledge that defendants might want to file other motions and suggest that the defendants "do so at the time [prescribed] in the Local Rules but not in conjunction with the Preliminary Injunction." *Id.* at 2.

Defendants see things differently. They assert plaintiffs' Complaint raises important Article III standing questions—ones that go to the heart of the first question federal courts must answer in every case. Doc. 42 at 2. Plaintiffs' Complaint, as echoed in their Motion for Preliminary Injunction, alleges that the challenged rule harms plaintiffs in three ways, each sufficient to confer standing: (1) lost tax revenue to the plaintiff states; (2) difficulty hiring and retaining state employees; and (3) harm to state instrumentalities or quasi-instrumentalities. *Id.* at 3. Defendants call the first two grounds "meritless." *Id.* And defendants report serious concerns about the third because—though state instrumentality standing sufficed in *Biden v. Nebraska*, 143 S. Ct. 2355, 2365 (2023)—plaintiffs' Complaint fails to allege state instrumentality standing plausibly. So, defendants want to file a Motion to Dismiss.

Defendants acknowledge that plaintiffs have promised to present evidence about state instrumentality standing at a preliminary injunction hearing. But this wait-and-see approach prejudices defendants, they argue, because defendants "have to respond to any such facts on the fly at a hearing, or in a sur-reply[.]" Doc. 42 at 4. Defendants thus propose that the court either dismiss plaintiffs' Motion for Preliminary Injunction without prejudice or combine the parties' briefing for the Motion for Preliminary Injunction with the briefing for defendants' forthcoming Motion to Dismiss. The court rejects defendants' invitation to dismiss the pending motion. But

2

the court finds defendants' other suggestion persuasive. In the court's view, defendants' idea to combine the briefing on the pending and anticipated motions provides the best path forward.

Article III standing is a threshold issue the court must address before it considers the merits of plaintiffs' lawsuit. Article III of the United States Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). To present a case or controversy under Article III, plaintiffs must establish that they have standing to sue. *Id.* (citations omitted). "[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (citation and internal quotation marks omitted). "[S]tanding is perhaps the most important of the jurisdictional doctrines." *United States v. Hays*, 515 U.S. 737, 742 (1995). (quotation cleaned up). A "challenge to standing presents the threshold jurisdictional question of whether a court may consider the merits of a dispute." *Shields L. Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1279 (10th Cir. 2024) (also cleaned up). So, the court must address standing before it can evaluate the merits of plaintiffs' lawsuit and their injunction request.

The court thus plans to address the threshold issue of Article III standing before it reaches the merits of plaintiffs' claims—and thus reaches the merits of the injunction request. The court denies plaintiffs' Motion for a Scheduling Order (Doc. 39) and adopts the schedule proposed in defendants' Response to plaintiffs' motion. Also, the court rejects defendants' view that it should deny plaintiffs' Motion for Preliminary Injunction because the court doesn't need to deny the motion to discharge its immediate case management responsibilities. Instead, the court agrees with defendants. Combining the briefing schedule for their forthcoming Motion to Dismiss with the briefing schedule for plaintiffs' Motion for Preliminary Injunction will process

the issues in the bifurcated fashion envisioned by the court.[1]  The court adopts[2] the following schedule for briefing these early issues:

- **April 26, 2024:**  Defendants' combined Motion to Dismiss and Response in opposition to plaintiffs' Motion for a Preliminary Injunction;

- **May 10, 2024:**  Plaintiffs' combined Response in opposition to defendants' Motion to Dismiss and Reply in support of their Motion for Preliminary Injunction;

- **May 24, 2024:**  Defendants' Reply in support of their Motion to Dismiss.

The court also takes this opportunity to set page limits for these briefs, summarized in the following chart:[3]

| **Preliminary Injunction Brief** | **Limit** | **Motion to Dismiss Brief** | **Limit** |
|---|---|---|---|
| Plaintiffs' Motion for Preliminary Injunction | 35 pages | Defendants' Motion to Dismiss | 15 pages |
| Defendants' Response | 35 pages | Plaintiffs' Response | 15 pages |
| Plaintiffs' Reply | 10 pages | Defendants' Reply | 10 pages |

In the court's view, these page limits allow the parties sufficient space to address the case's complex issues.  But the page limits also require the parties to triage their arguments and get to the point quickly—a necessity in a case (like this one) with time constraints.  Barring

---

[1]     Plaintiffs acknowledge that the two motions are related; their Motion for Preliminary Injunction dedicates a section to Article III standing.  *See* Doc. 24 at 7–10.

[2]      The court sets these deadlines solely for the purposes of briefing plaintiffs' Motion for Preliminary Injunction and defendants' forthcoming Motion to Dismiss.  This Order does not supplant the parties' Rule 16 obligations.

[3]     Though the court's briefing schedule calls for combined briefs, the court views the briefs' page limits as distinct.  For example, a party may not use pages saved responding to a motion to grant itself extra pages replying to its own motion.  Commingling the page limits would frustrate the court's aims for clarity and efficiency.

extraordinary circumstances, the court thus doesn't anticipate granting any additional pages of briefing.

The court also sets the following hearings. Though both hearings might not prove necessary, the court nonetheless schedules them now so the parties can reserve both dates on their calendars and staff the case appropriately:

- **May 31, 2024:** Hearing on defendants' forthcoming Motion to Dismiss in Courtroom 476 at 9:00 AM, United States District Court, 500 State Avenue, Kansas City, Kansas;

- **June 11, 2024:** Hearing on plaintiffs' Motion for Preliminary Injunction (Doc. 23) in Courtroom 476 at 1:00 PM, United States District Court, 500 State Avenue, Kansas City, Kansas.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for a Scheduling Order (Doc. 39) is granted in part and denied in part. Specifically, the court grants plaintiffs' request to issue a short-term schedule. But the court declines to adopt the schedule plaintiffs have proposed.

**IT IS FURTHER ORDERED THAT** defendants' request to dismiss plaintiffs' Motion for Preliminary Injunction without prejudice is denied, as set forth in this Order.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2024, at Kansas City, Kansas.

                                                          **/s/ Daniel D. Crabtree**
                                                          **Daniel D. Crabtree**
                                                          **United States District Judge**