# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# WICHITA DIVISION

| | | |
|---|---|---|
| STATE OF KANSAS, *et al.*, | ) | Civil Action No. 2024-CV-1057-DDC- ADM |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Motion for Leave to File an *Amicus Brief*; Exhibit 1 (Brief of *Amicus Curiae* The Buckeye Institute); Certificate of Service. |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, | ) | |
| Defendants. | ) | |

───────────────────────♦───────────────────────
## MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF
───────────────────────♦───────────────────────

The Buckeye Institute respectfully moves this Court for an order permitting the filing of an *amicus curiae* brief in the above captioned matter.

1. The Buckeye Institute was founded in 1989 as an independent research and educational institution—a think tank—whose mission is to advance free-market public policy in the states. The staff at Buckeye accomplish the organization's mission by performing timely and reliable research on key issues, compiling and synthesizing data, formulating sound free-market policy solutions, and promoting those policy solutions for implementation in Ohio and replication throughout the country. The Buckeye Institute is a non-partisan, non-profit, tax-exempt organization, as defined by I.R.C. section 501(c)(3). The Buckeye Institute's Legal Center files and joins amicus briefs that are consistent with its mission. The Buckeye Institute advocates for the constitutional doctrine of separation of powers and following the rule of law and opposes agency overreach.

2. This case involves a loan forgiveness program that infringes on Congress's power of the purse, violates the separation of powers, and involves improper agency overreach. The

1

Buckeye Institute's Legal Center represented a student loan borrower in a challenge against the Department of Education's previous student loan forgiveness program. *Latta v. U.S. Dep't of Educ.*, No. 2:22-cv-04255 (S.D. Ohio). The Buckeye Institute also filed *amicus* briefs with the Supreme Court in the case of *Biden v. Nebraska*, 143 S. Ct. 2355 (2023), whereby the Court struck down those forgiveness programs.

3. This proposed *amicus* brief, attached as Exhibit 1, provides a unique perspective that is unlikely to be duplicated by other potential *amici*. Moreover, it draws attention to matters, issues, and caselaw that would materially assist the Court in deciding whether the Department's loan forgiveness program exceeds statutory authority and violates the Constitution. The issues raised in the instant case—and the proposed *amicus* brief—are particularly relevant and timely in light of *Biden v. Nebraska*.

4. This Court has recognized that non-parties like The Buckeye Institute should be permitted to participate as *amicus curiae* "upon a finding that the proffered information of amicus is useful or otherwise necessary to the administration of justice." *Hammond v. City of Junction City, Kansas*, No. 00-2146-JWL, 2001 WL 1665374, at *1 (D. Kan. Dec. 17, 2001); *id.* at *2 ("Thus, to the extent [proposed *amicus*] is able to provide any useful information or a unique perspective regarding the [matter at] issue, the court welcomes such assistance.") (emphasis added); *In re Kansas Office Assocs.*, 181 B.R. 537, 538 (D. Kan. 1995) (permitting *amicus* brief where it "may be of some benefit in resolving the pending issues" in the matter) (emphasis added).

5. Plaintiffs do not object to the filing of this *amicus* brief. Counsel for Defendants does not

consent to the filing of an amicus brief, citing the inability to respond.[1] However, this *amicus* brief is being filed before Plaintiffs' combined response in opposition to defendants' Motion to Dismiss and Defendants' will have the opportunity to reply to that response and this *amicus* brief on May 24, 2024. Further, this Court has scheduled oral arguments on the motions pending before it for May 31, 2024, and June 11, 2024, giving Defendants additional opportunities to respond.

6. The Buckeye Institute respectfully requests this Court grant the instant motion and issue an order either deeming the *amicus* brief attached as Exhibit 1 as filed for purposes of the record; or permitting leave to file the amicus brief as a separate document.

Respectfully submitted,

JEFF SHAW
Kan. Bar No. 29767
Kansas Justice Institute
12980 Metcalf Avenue, Suite 130
Overland Park, Kansas 66213
Telephone: (913) 213-5018
Jeff@KansasJusticeInstitute.org

David C. Tryon*
Alex M. Certo*
The Buckeye Institute
88 East Broad Street, Suite 1300
Columbus, Ohio 43215
(614) 224-4422
D.Tryon@BuckeyeInstitute.org
A.Certo@BuckeyeInstitute.org

*Pro Hac Vice Pending*

*Attorneys for Amicus Curiae*
*The Buckeye Institute*

---

[1] "Defendants oppose the motion for leave to file an amicus brief because it is untimely. The proposed amicus brief would be filed after Defendants' opposition to Plaintiffs' motion for a preliminary injunction is due, thus depriving Defendants of the ability to respond."

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Motion for Leave to File an *Amicus Curiae* Brief was served on all counsel of record via the court's electronic filing system this 10th day of May 2024.

Respectfully submitted,

*/s/* Jeff Shaw
JEFF SHAW
Kan. Bar No. 29767
Kansas Justice Institute
12980 Metcalf Avenue, Suite 130
Overland Park, Kansas 66213
Telephone: (913) 213-5018
Jeff@KansasJusticeInstitute.org

*Counsel for Amicus Curiae*
*The Buckeye Institute*