**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **STATE OF KANSAS, et al.,** | |
| **Plaintiffs,** | **Case No. 24-1057-DDC-ADM** |
| **v.** | |
| **JOSEPH R. BIDEN, et al.,** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

The Buckeye Institute has filed a Motion for Leave to File an Amicus Curiae Brief (Doc. 48). This entity seeks to file an amicus brief to support plaintiffs' Motion for Preliminary Injunction (Doc. 23) and oppose defendants' Motion to Dismiss (Doc. 45). In a nutshell, the Buckeye Institute's proposed filing urges the court to find defendants' student loan forgiveness plan invalid and unlawful. Doc. 48-1 at 11. The Buckeye Institute asserts its amicus brief "provides a unique perspective that is unlikely to be duplicated by any other potential *amici*." Doc. 48 at 2. And the brief purportedly "draws attention to matters, issues, and caselaw that would materially assist the Court in deciding whether the Department [of Education's] loan forgiveness program exceeds statutory authority and violates the Constitution." *Id.*

"Whether to permit a nonparty to submit a brief, as amicus curiae, is a matter within the sound discretion of the court." *Hammond v. City of Junction City, Kan.*, No. 00-2146, 2001 WL 1665374, at *1 (D. Kan. Dec. 17, 2001). Courts allow amicus curiae briefs "upon a finding that the proffered information of amicus is useful or otherwise necessary to the administration of

justice." *Id.* The court, in its discretion, finds the proffered brief useful and welcomes almost any assistance addressing an issue of importance.

The Buckeye Institute reports that plaintiffs don't object to its motion. Doc. 48 at 2. Defendants, however, object. *Id.* at 2–3. Defendants assert that The Buckeye Institute's amicus brief presents a timing problem: the brief addresses plaintiffs' Motion for Preliminary Injunction, and defendants already have responded to this motion. So, if the court allows the amicus brief, it will deprive defendants of an opportunity to respond. To cure any potential prejudice to defendants, the court grants defendants seven days to seek the court's permission to file a response to the amicus brief. Defendants' request should explain why its other briefing won't respond sufficiently to the amicus brief.

**IT IS THEREFORE ORDERED BY THE COURT THAT** The Buckeye Institute's Motion for Leave to File an Amicus Curiae Brief (Doc. 48) is granted. The court will consider the amicus brief (Doc. 48-1) filed and part of the record.

**IT IS SO ORDERED.**

**Dated this 13th day of May, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**