IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STATE OF KANSAS, et al.,**

        **Plaintiffs,**

v.

**JOSEPH R. BIDEN, et al.,**

        **Defendants.**

Case No. 24-1057-DDC-ADM

## MEMORANDUM AND ORDER

The parties have filed a Joint Motion Regarding Schedule (Doc. 59). The motion asks the court for three things. Before the court addresses those three things, it begins, briefly, with some context for the parties' joint motion.

Plaintiffs filed their Complaint (Doc. 1) on March 28, 2024, challenging a Department of Education rule that will forgive student loan debt for certain borrowers. Eight days later, plaintiffs filed a Motion for Preliminary Injunction (Doc. 23). Plaintiffs requested that the court issue its decision no later than June 24. Doc. 39 at 1. Plaintiffs also explained that they would supplement their putative facts on the standing issue with evidence at a hearing on the injunction motion. Defendants, meanwhile, wished to file a Motion to Dismiss. Against this unusual procedural backdrop, the court established a schedule in a Memorandum and Order:

- **April 26, 2024:** Defendants' combined Motion to Dismiss and Response in opposition to plaintiffs' Motion for a Preliminary Injunction;

- **May 10, 2024:** Plaintiffs' combined Response in opposition to defendants' Motion to Dismiss and Reply in support of their Motion for Preliminary Injunction;

- **May 24, 2024:** Defendants' Reply in support of their Motion to Dismiss.

Doc. 44 at 4. Defendants filed their Motion to Dismiss (Doc. 45), and plaintiffs filed their combined Motion to Dismiss Response and Motion for Preliminary Injunction Reply (Doc. 53)—both according to schedule. On May 16 plaintiffs filed a First Amended Complaint (Doc. 57) as a matter of course under Fed. R. Civ. P. 15(a)(1)(B).

Generally, an amended complaint moots any motion to dismiss directed at the original complaint. That's because an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). For that reason, the court denied the Motion to Dismiss as moot. Doc. 58. The parties now ask—and here's their first request—the court to reinstate the Motion to Dismiss.

The parties point out, correctly, that the court has discretion to construe the Motion to Dismiss to apply to the First Amended Complaint. *See Elk Energy Holdings, LLC v. Lippelmann Partners, LLC*, No. 22-1057, 2023 WL 3737017, at *2 n.2 (D. Kan. May 31, 2023) (applying defendants' motion to dismiss arguments aimed at original complaint to amended complaint); *Pet Food Inst. v. Grisham*, No. 21-CV-48, 2021 WL 1317990, at *1 (D.N.M. Apr. 8, 2021) ("Although the Tenth Circuit appears not to have addressed this issue, other circuit courts have held that, after the filing of an amended complaint, the district court *may* deny as moot the motion to dismiss the original complaint." (emphasis added)); *Raskin ex rel. JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 n.1 (5th Cir. 2023) (holding "district court acted within its discretion by ruling on the pending motion" after plaintiff had filed an amended complaint); *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("[D]istrict courts may exercise their discretion and apply a pending motion to dismiss to portions of an amended complaint that are substantially identical to the original complaint." (internal quotation marks and citation

2

omitted)); *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020) ("[W]hen a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint.").[1]

The parties ask the court to exercise that discretion here and reinstate the Motion to Dismiss (Doc. 45). They argue this will serve "the interest of efficiency and judicial economy" and "avoid unnecessarily disrupting the schedule in this matter[.]" Doc. 59 at 1. The court, in its discretion, agrees, and reinstates the Motion to Dismiss (Doc. 45). That brings the court to the parties' other two requests. The parties ask the court to consider their prior briefing applicable to the First Amended Complaint (Doc. 57). The court grants this request. Finally, the parties ask the court to keep the existing schedule in place. The court also grants this request.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Joint Motion Regarding Schedule (Doc. 59) is granted. Defendants' Motion to Dismiss (Doc. 45) is reinstated.

---

[1] Courts often apply a potentially moot motion to dismiss to an amended complaint when the amended complaint doesn't affect the motion's arguments. *See Elk Energy*, 2023 WL 3737017, at *2 n.2 (applying motion to dismiss briefing to amended complaint because amended complaint addressed jurisdiction only and "the amended jurisdictional allegations d[idn't] influence the motions pending before the court"); *Crawford*, 15 F.4th at 759 ("[D]istrict courts may exercise their discretion and apply a pending motion to dismiss to portions of an amended complaint that are *substantially identical* to the original complaint." (emphasis added) (internal quotation marks and citation omitted)). That's not the case here. Plaintiffs' First Amended Complaint includes many new allegations about plaintiffs' irreparable harm. *Compare* Doc. 1 at 17–22, *with* Doc. 57 at 17–24.

The parties don't mind this distinction because, they assert, the new pieces of plaintiffs' First Amended Complaint also appear in plaintiffs' combined Motion for Preliminary Injunction Reply and Motion to Dismiss Response (Doc. 50). Doc. 59 at 1. Defendants report that they already prepared to respond to these new allegations in their upcoming Motion to Dismiss Reply. Normally, of course, when plaintiffs assert new factual allegations, defendants aim their arguments at the new allegations, and plaintiffs then would respond. The parties have agreed to eliminate plaintiffs' opportunity to respond to defendants' attacks on their new allegations. If that's good enough for the parties, it's good enough for the court.

**IT IS SO ORDED.**

**Dated this 22nd day of May, 2024, at Kansas City, Kansas.**

                                                     **s/ Daniel D. Crabtree**
                                                     **Daniel D. Crabtree**
                                                     **United States District Judge**