UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF ALASKA, *et al.*,

        Plaintiffs,

    v.

JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,

        Defendants.

Case No. 24-1057-DDC-ADM

## DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO AMICUS

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

STEPHEN M. PEZZI (D.C. Bar No. 995500)
 Senior Trial Counsel
SIMON G. JEROME (D.C. Bar No. 1779245)
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-2705
Email: simon.g.jerome@usdoj.gov

*Counsel for Defendants*

The Buckeye Institute submitted no comments during the rulemaking process. Now, as amicus curiae, it largely recycles arguments that Plaintiffs already advanced, and that Defendants have already addressed in their opposition brief, ECF No. 46. On a handful of issues, however, amicus has raised novel merits arguments that Plaintiffs did not. Under settled Tenth Circuit precedent, the Court should not consider those arguments. In any event, they are meritless.

**A.     The Court should not consider any arguments of amicus that Plaintiffs did not raise.**

"[O]urs is a party-directed adversarial system," so courts "normally limit [them]selves to the arguments the parties . . . choose to present." *Animal Legal Def. Fund v. Kelly*, 9 F.4th 1219, 1226 n.6 (10th Cir. 2021). The Court does have "the discretion to reach arguments raised only in an amicus curiae brief," but should "'exercise that discretion only in exceptional circumstances,' such as when '(1) a party attempts to raise the issue by reference to the amicus brief; or (2) the issue involves a jurisdictional question or touches upon an issue of federalism or comity that could be considered sua sponte.'" *Hooper v. City of Tulsa*, 71 F.4th 1270, 1276 n.5 (10th Cir. 2023). No "exceptional circumstances" are present here: Plaintiffs themselves can protect their federalism-related interests, if any, and none of the arguments in the amicus brief relates to the Court's subject-matter jurisdiction.

That the Court granted leave to file the amicus brief does not limit the Court's discretion, as the Tenth Circuit has explicitly recognized. Here, "although [the Court] grant[ed] the motion to file an amicus brief," it should still "decline to consider" those arguments not raised by Plaintiffs. *Butler v. Daimler Trucks N. Am., LLC*, 74 F.4th 1131, 1144 n.4 (10th Cir. 2023).

**B.     Amicus's new arguments lack merit.**

If the Court does reach any of the new arguments advanced only by amicus, all of them are meritless—a sentiment apparently shared by Plaintiffs in this case and the plaintiffs in *Missouri v. Biden*, No. 4:24-cv-520 (E.D. Mo.), neither of whom raised those arguments.

**1. Master Promissory Note.** Amicus's primary argument appears to be that because borrowers sign a contractual agreement (MPN) to repay their student loans, the government may not discharge those loans' balances. Even accepting the dubious premise that amicus (or Plaintiffs) have any legally cognizable and judicially enforceable interest in a contract between the federal government

1

and student borrowers, *but cf. Constructora Guzman, S.A. v. United States*, 161 Fed. Cl. 686, 694 (2022) ("A nonparty becomes legally entitled to a benefit promised in a contract only if the contracting parties so intend." (quotation omitted)), this argument fails. The MPN itself does not purport to curtail the Secretary's authority, but rather explicitly accounts for it in terms both generic ("The terms of this MPN are determined in accordance with the [Higher Education Act (HEA) and] our regulations." MPN[1] at 3) and specific ("The Act may provide for certain loan forgiveness or repayment benefits on your loans in addition to the benefits described above." *Id.* at 13). That any modification of the MPN must be in writing, Amicus Br. at 6, changes nothing, as discharges (assuming that they qualify as "amendments") are given effect through written notice to the borrower, and the SAVE Plan was published in the Federal Register, *Improving Income Driven Repayment*, 88 Fed. Reg. 43,820 (July 10, 2023).

Equally meritless is amicus's argument that any loan forgiveness under the Final Rule is "not part" of the various defenses borrowers may assert to repayment based on the misconduct of their schools. Amicus Br. at 7. Defendants agree that the Final Rule is based on separate, independent statutory and regulatory authority. 20 U.S.C. § 1087e(d)(1)(D); 88 Fed. Reg. 43,820. Similarly irrelevant are amicus's descriptions of default, equitable estoppel, and the government's obligation to collect monetary and proprietary claims. Amicus Br. at 6-8. Amicus's arguments about future efforts to collect on forgiven loans, and the availability of equitable defenses in ensuing, hypothetical litigation, presuppose the invalidity of the Final Rule. Because the Final Rule is lawful, this argument is meritless. Anyway, no question about hypothetical future enforcement is before the Court.

**2. Appropriations Clause.** Amicus's invocation of the Appropriations Clause is little more than an attempt to refashion its statutory objections into a constitutional claim. Even assuming the Appropriations Clause applies to forgiveness of debt, its requirements are met, per Supreme Court precedent from just last month. For a congressional funding mechanism to satisfy the Appropriations Clause, "all that is required" are "an identified source" of public funds "and [a] purpose" for their

---

[1] For simplicity, Defendants use the pagination of the MPN referred to by amicus. The most up-to-date MPN version, which is substantially identical to amicus's, may be found at https://perma.cc/NP4N-E4ED.

2

expenditure. *CFPB v. Cmty. Fin. Servs. Ass'n of Am., Ltd.*, 601 U.S. 416, 427 (2024). Here, Congress made "available . . . such sums as may be necessary" to "to make loans to all eligible students (and the eligible parents of such students)," 20 U.S.C. § 1087a(a), furnishing both a source of funding and a purpose for its use. Congress also exempted federal student loans from any obligation to periodically appropriate additional funding. 2 U.S.C. § 661c(c)(1). And even if the Appropriations Clause could be read to require congressional authorization to increase the cost of the federal student-loan program through loan discharges, Congress provided that authorization when it empowered the Secretary to establish "an income contingent repayment plan, with varying annual repayment amounts based on the income of the borrower." 20 U.S.C. § 1087e(d)(1)(D). Any counterargument is duplicative of the statutory-authority arguments at the heart of this case; the Appropriations Clause requires no more.

**3. Property Clause.** The Constitution empowers Congress "to dispose of . . . Property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2. Congress, in turn, may delegate that power. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 599 F.3d 1165, 1186 (10th Cir. 2010). So even if the Court concludes that the Final Rule's loan forgiveness provisions "dispose" of federal "Property," that disposition presents no constitutional problem, as Congress delegated any relevant authority to the Secretary in the HEA. 20 U.S.C. § 1087e(d)(1).

Amicus's authorities are not to the contrary.[2] *Royal Indemnity Co. v. United States*, 313 U.S. 289 (1941), distinguished a "[s]ubordinate officer[] of the United States" *id.* at 294, from the Commissioner of Internal Revenue, who ("with the consent of the Secretary of the Treasury") could validly "compromise a tax deficiency," *id.* Analogously here, the Secretary may dispose of student loan claims under the HEA. No more applicable is *Rio Grande Silvery Minnow*. Dispositive there was the absence of a clear statement of abandonment of property interest such as might be apparent from a "formal agency ruling or adjudication." 599 F.3d at 1187. Here, in contrast, the Secretary expressed himself clearly through the Final Rule. 88 Fed. Reg. at 43,834.

---

[2] Alternatively, because no one—including amicus—raised this argument during the rulemaking, it is waived. *Zen Magnets, LLC v. CPSC*, 841 F.3d 1141, 1151 n.11 (10th Cir. 2016).

Dated: June 7, 2024                     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ Simon G. Jerome
STEPHEN M. PEZZI (D.C. Bar No. 995500)
 Senior Trial Counsel
SIMON G. JEROME (D.C. Bar No. 1779245)
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-2705
Email: simon.g.jerome@usdoj.gov

*Counsel for Defendants*

4