IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | | |
|---|---|---|
| STATE OF ALASKA, ET AL., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| DEPARTMENT OF EDUCATION, ET AL., | § § § § | Civil Action No.: 24-1057-DDC-ADM |
| *Defendants*. | § § § | |

## MOTION FOR JUDGMENT UNDER FRCP 54(b)

The States of Kansas, Alabama, Idaho, Iowa, Louisiana, Montana, Nebraska, and Utah hereby request that the Court enter judgment against their claims under Fed. R. Civ. P. 54(b) and, in support thereof, state as follows:

1. "When multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

2. On July 12, 2024, the Court dismissed eight of the eleven plaintiff states (Kansas, Alabama, Idaho, Iowa, Louisiana, Montana, Nebraska, and Utah) for lack of standing to challenge the Final Rule. Dkt. 68 at 46. That order ends the litigation as to those States; they have no more claims to be decided.

3. In dismissing those states, the Court noted that although it would be legally permissible to allow the states to remain in the case, dismissing them would promote the Rules of Civil Procedure's purpose to "'secure the just, speedy, and inexpensive determination of every action and proceeding.'" Dkt. 68 at 3 (quoting Fed. R. Civ. P. 1); *accord* Dkt. 68 at 28–30.

1

4.      A few weeks later, the Court partially enjoined the challenged rule. Defendants have appealed that order, Dkt. 78, and the remaining states (Alaska, South Carolina, and Texas) have cross appealed, Dkt. 89. Standing will necessarily be an issue in that appeal and cross-appeal. *See O'Connor v. Washburn Univ.*, 416 F.3d 1216, 1222 (10th Cir. 2005).

5.      Because the moving states were dismissed for lack of standing and the pending appeal will necessarily have to address standing, there is no just reason to delay entry of judgment so that the dismissed States may appeal that issue.[1] Indeed, allowing an immediate appeal would promote the same values that the Court sought to promote with its dismissal order. If the parties have to wait to appeal their standing separately from the current appeal, that would require the appellate court "to decide the same issues more than once," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The Court's discretion on a Rule 54(b) motion "is to be exercised in the interest of sound judicial administration," *Curtiss-Wright*, 446 U.S. at 8, and proper use of judicial resources counsels in favor of deciding the parties' standing in one single appeal. That is why other courts in this Circuit have granted Rule 54(b) motions when dismissing parties for standing. *See, e.g., Twin Lakes Real Estate, LLC v. United States (In re Twin Lakes Real Estate, LLC)*, No. UT-07-055, 2008 WL 1961014, at *1 (B.A.P. 10th Cir. May 6, 2008); *Ferrell Cos. v. GreatBanc Trust Co.*, No. 20-2229-JTM, 2020 WL 6939751, at *2 (D. Kan. Nov. 25, 2020); *Rural Water, Sewer & Solid Waste Mgmt. Dist. No. 1 v. City of Guthrie*, No. CIV-05-786-R, 2008 WL 490635, at *3 (W.D. Okla. Feb. 21, 2008); *Kane Cty. v. Kempthorne*, No. 2:05-CV-0941BSJ, 2007 WL 3333268, at *3 (D. Utah Nov. 8, 2007). In such circumstances, a Rule 54(b) order "may relieve

---

[1] The dismissed states have already filed their notice of appeal. *See* Dkt. 88. It is permissible for a party to file a notice of appeal and seek a Rule 54(b) order later. *See, e.g., O'Brien v. United States*, 56 F.4th 139, 145 (1st Cir. 2022); *Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 53 F.4th 869, 878–79 (5th Cir. 2022). Given the speed at which the other appeals are progressing, the dismissed states thought it prudent to inform the Tenth Circuit of their potential appeal quickly.

need for multiple trials and conserve judicial resources and the resources of the parties." *Ferrell*, 2020 WL 6939751, at *2.

6. So, the States respectfully request the Court enter judgment on their claims under Rule 54(b). Movants note that Rule 54(b) requires the Court to "expressly" determine that there is no just reason for delay and then direct entry of a partial final judgment. They therefore request that the Court's order make that necessary express finding. *See generally United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 798 (9th Cir. 2017) (finding order unappealable where court did not make necessary express finding despite entering partial judgment).

7. Undersigned counsel for the State of Kansas has conferred with Defendants and was informed that they would oppose the relief requested herein.

Respectfully submitted,

KRIS W. KOBACH
**Attorney General of Kansas**

*/s/ Erin B. Gaide*
Abhishek S. Kambli, Kan. SC No. 29788
*Deputy Attorney General*
Erin B. Gaide, Kan. SC No. 29691
Assistant Attorney General
Topeka, Kansas 66612-1597
Phone: (785) 296-7109
Email: abhishek.kambli@ag.ks.gov
erin.gaide@ag.ks.gov

Drew C. Ensign, *pro hac vice*
Holtzman Vogel Baran Torchinsky
 & Josefiak PLLC
2575 E. Camelback Road, #860
Phoenix, Arizona 85016
Phone: (602) 388-1262
Email: densign@holtzmanvogel.com
*Counsel for Plaintiff State of Kansas*

/s/ *Edmund LaCour*
Edmund LaCour, *pro hac vice*
*Solicitor General*
OFFICE OF THE ALABAMA
 ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36104
(334) 353-2196
edmund.lacour@alabamaag.gov
*Counsel for Plaintiff State of Alabama*

/s/ *Joshua Turner*
Joshua Turner, *pro hac vice*
*Chief of Constitutional Litigation & Policy*
700 W. Jefferson St., Suite 210,
PO Box 83720,
Boise, Idaho 83720
(208) 334-2400
josh.turner@ag.idaho.gov
*Counsel for Plaintiff State of Idaho*

/s/ *Eric H. Wessan*
Eric H. Wessan, *pro hac vice*
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
eric.wessan@ag.iowa.gov
*Counsel for Plaintiff State of Iowa*

/s/ *Kelsey Smith*
Kelsey Smith, *pro hac vice*
*Deputy Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY
 GENERAL
1885 North Third Street
Baton Rouge, Louisiana 70804
(225) 506-3746
smithkel@ag.louisiana.gov
*Counsel for Plaintiff State of Louisiana*

/s/ *Christian B. Corrigan*
Christian B. Corrigan, Kan. SC No. 25622
*Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
P.O. Box 201401
Helena, Montana 59620-1401
(406) 444-2026
christian.corrigan@mt.gov
*Counsel for Plaintiff State of Montana*

/s/ *Lincoln J. Korell*
Lincoln J. Korell, *pro hac vice*
*Assistant Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
 OF NEBRASKA
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2682
lincoln.korell@nebraska.gov
*Counsel for Plaintiff State of Nebraska*

_/s/ Lance F. Sorenson_
Lance F. Sorenson, *pro hac vice*
*Assistant Utah Attorney General*
UTAH ATTORNEY GENERAL
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0100
lancesorenson@agutah.gov
*Counsel for Plaintiff State of Utah*