IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | | |
|---|---|---|
| STATE OF ALASKA, ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| DEPARTMENT OF EDUCATION, ET AL., | § | Civil Action No.: 24-1057-DDC-ADM |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## PLAINITFFS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT UNDER FRCP 54(b)

In their response, Defendants do not dispute that this Court has discretion in deciding whether to grant a motion for judgment under 54(b), subject to two conditions.[1] Resp. at 1; *see also Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) ("[A] district court's decision to grant certification under Rule 54(b) merits substantial deference and should not be disturbed unless the district court's determination was clearly erroneous."). Nor do they dispute that the first condition is satisfied: dismissal for lack of standing is final as to the States of Kansas, Alabama, Idaho, Iowa, Louisiana, Montana, Nebraska, and Utah. Resp. at 2.

As to the second condition, "the district court must determine that no just reason for delay of entry of its judgment exists." *Stockman's Water Co., LLC*, 425 F.3d at 1265. In doing so, the district court should "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the

---

[1] Defendants also invent a new, third condition: that the movant show it will be subject to "unique" hardships if it is not able to appeal the dismissed claims. Resp. at 3 (quoting *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001)). But they cite no authority applying this supposed condition when some *plaintiffs*—who raised the exact same claims as non-dismissed plaintiffs—have been dismissed (and with them, all of their claims).

inequities that could result from delaying an appeal." *Id.* "The inquiry focuses on practical concerns, 'particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal.'" *Cont'l Materials Corp. v. Valco, Inc.*, 740 F. Appx. 893, 897 (10th Cir. 2018) (unpublished) (quoting *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005)). "Factors the district court should consider are 'whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Stockman's Water Co., LLC*, 425 F.3d at 1265 (internal brackets omitted) (quoting *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 12 (1980)). "To determine whether separate appeals will be redundant, courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Cont'l Materials Corp.*, 740 F. Appx. at 897 (10th Cir. 2018) (quoting *Jordan*, 425 F.3d at 827); *see also Curtiss-Wright Corp.*, 446 U.S. at 10 (court should consider the "interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units.").

Defendants argue entering 54(b) judgment and allowing the appeal to proceed would result in a piecemeal approach in violation of Rule 54(b)'s policy. Resp. at 2. They thus urge the Court to deny the motion. However, the piecemeal approach is disfavored when parties seek to *sever* cases or claims and then proceed to appeal *separately*. *See Cont'l Materials Corp.*, 740 F. Appx. at 897 (Rule 54(b) judgment not proper when it would result in separating claims that involved "intertwined" issue of law and fact); *Onyx Properties LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.*, 916 F. Supp. 2d 1191, 1210 (D. Colo. 2012) (Rule 54(b) judgment not warranted when it would sever claims that had been consolidated). Here, the Dismissed States wish to keep the case together,

not to separate the case into different appeals, and will seek to consolidate appeals at the Tenth Circuit so that they may be heard and so that that court may consider the issues at one time.

Moreover, doing as Defendants urge would *create* the piecemeal litigation Rule 54(b) warns against; "a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal." *Atl. Specialty Ins. Co. v. Blue Cross & Blue Shield of Kansas, Inc.*, No. 18-2371-DDC-JPO, 2022 WL 457787, at *5 (D. Kan. Feb. 15, 2022) (quoting *Jordan*, 425 F.3d at 827). This Court found the Dismissed States did not establish standing on either their taxation or PSLF-competitor theories of standing. *Kansas v. Biden*, No. 24-1057-DDC-ADM, 2024 WL 2880404, at *23 (D. Kan. June 7, 2024). These same theories were raised by Alaska, South Carolina, and Texas and are being litigated now on appeal.[2] *See* Aple. Second Br. on Cross-Appeal at 23–26, *Alaska .v Dep't of Educ.*, No. 24–3094. Alaska, South Carolina, and Texas have raised the same taxation issue in their emergency application to vacate the Tenth Circuit's stay, which is pending before the Supreme Court. *See* Application to Vacate Stay at 14–15, *Alaska v. Dep't of Educ.*, No. 24A11 (docketed July 9, 2024). Denying this motion (and not allowing the Dismissed States' appeal to proceed) will result in the higher courts having to revisit the exact same legal issues they are being asked to decide in *Alaska v. Cardona*, Nos. 24–3089, 24-3094, and *Alaska v. Department of Education*, No. 24A11.

Finally, Defendants draw the Court's attention to the Eight Circuit's administrative stay of the Final Rule in *Missouri v. Biden*, Resp. at 3 (citing Order, *Missouri v. Biden*, No. 24-2332 (8th Cir. July 18, 2024)), and mention that "the Final Rule is not being implemented at all," because of

---

[2] Notably, it was Defendants who initially raised the standing issue at the Tenth Circuit, first in their application for an emergency stay, Emergency Mot. for Stay Pending Appeal at 9–11, *Alaska v. Dep't of Educ.*, No. 24–3089, and then in their first brief on cross-appeal, Aplt. First Br. on Cross-Appeal at 15–22, *Alaska v. Cardona*, Nos. 24–3089, 24-3094. While they focused their argument on the instrumentalities theory, if the Tenth Circuit agrees with them, it will have to consider the taxation and PSLF theories as well.

that stay, *id.* However, Defendants have not said whether they intend to challenge that order (or any subsequent injunction) either in the Eighth Circuit or Supreme Court. Because Plaintiffs in this case have no ability to defend that order if Defendants should challenge it, a different order from a different court in a different case does not provide sufficient relief as to require this Court to deny entry of judgment under Rule 54(b) here.

For these reasons, the Dismissed States request the Court enter Rule 54(b) judgment and allow these appeals to proceed as a single unit.

Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ Erin B. Gaide*
Abhishek S. Kambli, Kan. SC No. 29788
*Deputy Attorney General*
Erin B. Gaide, Kan. SC No. 29691
Assistant Attorney General
Topeka, Kansas 66612-1597
Phone: (785) 296-7109
Email: abhishek.kambli@ag.ks.gov
erin.gaide@ag.ks.gov

Drew C. Ensign, *pro hac vice*
Holtzman Vogel Baran Torchinsky
 & Josefiak PLLC
2575 E. Camelback Road, #860
Phoenix, Arizona 85016
Phone: (602) 388-1262
Email: densign@holtzmanvogel.com
*Counsel for Plaintiff State of Kansas*

/s/ *Edmund LaCour*
Edmund LaCour, *pro hac vice*
*Solicitor General*
OFFICE OF THE ALABAMA
 ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36104
(334) 353-2196
edmund.lacour@alabamaag.gov
*Counsel for Plaintiff State of Alabama*


/s/ *Joshua Turner*
Joshua Turner, *pro hac vice*
*Chief of Constitutional Litigation & Policy*
700 W. Jefferson St., Suite 210,
PO Box 83720,
Boise, Idaho 83720
(208) 334-2400
josh.turner@ag.idaho.gov
*Counsel for Plaintiff State of Idaho*


/s/ *Eric H. Wessan*
Eric H. Wessan, *pro hac vice*
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
eric.wessan@ag.iowa.gov
*Counsel for Plaintiff State of Iowa*

/s/ *Kelsey Smith*
Kelsey Smith, *pro hac vice*
*Deputy Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY
 GENERAL
1885 North Third Street
Baton Rouge, Louisiana 70804
(225) 506-3746
smithkel@ag.louisiana.gov
*Counsel for Plaintiff State of Louisiana*


/s/ *Christian B. Corrigan*
Christian B. Corrigan, Kan. SC No. 25622
*Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
P.O. Box 201401
Helena, Montana 59620-1401
(406) 444-2026
christian.corrigan@mt.gov
*Counsel for Plaintiff State of Montana*


/s/ *Lincoln J. Korell*
Lincoln J. Korell, *pro hac vice*
*Assistant Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
 OF NEBRASKA
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2682
lincoln.korell@nebraska.gov
*Counsel for Plaintiff State of Nebraska*

*/s/ Lance F. Sorenson*
Lance F. Sorenson, *pro hac vice*
*Assistant Utah Attorney General*
UTAH ATTORNEY GENERAL
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0100
lancesorenson@agutah.gov
*Counsel for Plaintiff State of Utah*