## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF ALASKA, *et al.*,<br><br>                             Plaintiffs,<br><br>          v.<br><br>MIGUEL A. CARDONA, in his official capacity as Secretary of Education, *et al.*,<br><br>                             Defendants. | Case No. 24-1057-DDC-ADM |

## **JOINT STATUS REPORT AND MOTION TO STAY**

On July 12, the Court set a scheduling conference and ordered the parties to propose next steps for case management. Minute Order Setting Scheduling Conf., ECF No. 97. The parties proposed that they be permitted to submit a joint status report within 10 days of the Supreme Court of the United States resolving Plaintiffs' then-pending application for vacatur of the Tenth Circuit's stay, *see* July 17, 2024 Minute Order, ECF No. 100; Order, *Alaska v. U.S. Dep't of Educ.*, No. 24-3089 (10th Cir. June 30, 2024), and the Court agreed, *see* July 17, 2024 Minute Order. On August 28, the Supreme Court denied Plaintiffs' application. Order, *Alaska v. Dep't of Educ.*, No. 24A11 (U.S. Aug. 28, 2024). Having conferred, the parties now submit this Joint Status Report, and jointly and respectfully request that the Court stay these proceedings as long as the Eighth Circuit's injunction pending appeal remains in effect.

On June 24, the Court entered a preliminary injunction prohibiting Defendants from "enforcing or acting pursuant to" certain parts of the Final Rule at issue in this case, which created the SAVE Plan for repayment of federal student loans. Prelim. Inj. at 1, ECF No. 77; *Improving Income Drive Repayment*, 88 Fed. Reg. 43,820 (July 10, 2023). The Tenth Circuit stayed that preliminary injunction pending appeal, Order, *Alaska v. U.S. Dep't of Educ.*, No. 24-3089 (10th Cir. June 30, 2024), and Plaintiffs sought relief from the stay in the Supreme Court, Application to Vacate Stay, *Alaska v. Dep't of Educ.*, No. 24A11 (U.S. July 5, 2024).

In parallel, on July 12, another group of States moved the Eighth Circuit for an injunction pending their cross-appeal of a preliminary injunction entered in the Eastern District of Missouri against distinct provisions of the Final Rule. Mot. for Inj. Pending Appeal, *Missouri v. Biden*, No. 24-2332 (8th Cir. July 12, 2024). The Eighth Circuit granted the States' requested injunction in part on August 9, enjoining the federal government "from any further forgiveness of principal or interest, from not charging borrowers accrued interest, and from further implementing [the SAVE Plan's] payment-threshold provisions," "for any borrower whose loans are governed in whole or in part by the terms of the" Final Rule. Op. at 9-10, *Missouri v. Biden*, No. 24-2332 (8th Cir. Aug. 9, 2024). Defendants then applied to the Supreme Court for vacatur of the Eighth Circuit's injunction. Application to Vacate Inj., *Biden v. Missouri*, No. 24A173 (U.S. Aug. 13, 2024).

The Supreme Court acted on the applications in *Alaska* and *Missouri* on August 28. It declined to disturb the Eighth Circuit's injunction, but noted its expectation "that the Court of Appeals will render its decision with appropriate dispatch." Order, *Biden v. Missouri*, No. 24A173 (U.S. Aug. 28, 2024).[1] And it denied Plaintiffs' application to vacate the Tenth Circuit's stay, in recognition of their admission that the Eighth Circuit's injunction (which was entered after Plaintiffs filed their application for relief) obviated any need for emergency relief. Order, *Alaska v. U.S. Dep't of Educ.*, No. 24A11 (U.S. Aug. 28, 2024). On balance, pending a further order from the Eighth Circuit or Supreme Court, the status quo is that the Department of Education remains enjoined "from any further forgiveness of principal or interest, from not charging borrowers accrued interest, and from further implementing [the SAVE Plan's] payment-threshold provisions," "for any borrower whose loans are governed in whole or in part by the terms of the" Final Rule. Op. at 9-10, *Missouri v. Biden*, No. 24-2332 (8th Cir. Aug. 9, 2024).[2]

---

[1] The Eighth Circuit expedited the appeal on September 4. Order, *Missouri v. Biden*, No. 24-2332 (8th Cir. Sept. 4, 2024).

[2] The precise scope of this injunction has been the subject of further litigation in the Eighth Circuit. *See, e.g.*, Mot. for Clarification, *Missouri v. Biden*, No. 24-2332 (8th Cir. Aug. 12, 2024); Order, *Missouri v. Biden*, No. 24-2332 (8th Cir. Aug. 19, 2024).

In light of these developments, the parties jointly request that the Court stay this litigation as long as the Eighth Circuit's injunction pending appeal remains in effect. This Court has discretion to enter such a stay for "the economy of time and effort for itself, for counsel, and for litigants." *See, e.g.*, *Lexos Media IP, LLC v. Overstock.com, Inc.*, No. 2:22-cv-02324, 2024 WL 1834356, at *2 (D. Kan. Apr. 26, 2024) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

The parties agree that those interests are implicated here. To start, the Eighth Circuit's injunction affords Plaintiffs (at least on a temporary basis) full relief from any harm this Court has identified. And while Defendants continue to believe that the enjoined provisions are lawful, this Court cannot provide relief from the Eighth Circuit's injunction. Indeed, the Tenth Circuit recognized similar practicalities when it abated the expedited appeal and cross-appeal of this Court's preliminary injunction. *See* Order, *Alaska v. U.S. Dep't of Educ.*, Nos. 24-3089 & 24-3094 (10th Cir. Aug. 22, 2024) ("In light of the Eighth Circuit's injunction, these appeals are abated until further order of the court."). The parties believe that the Eighth Circuit's eventual disposition of the appeal pending before it could inform their views about an appropriate schedule in this case.

For these reasons, the parties jointly and respectfully request that the Court stay all proceedings in this case until the injunction pending appeal in *Missouri* is no longer in effect.[3] Should the Court grant this joint request, the parties shall file a joint status report within 10 days of that date, proposing next steps in this litigation.

---

[3] That would include a stay (and, to the extent necessary, an extension *nunc pro tunc*) of Defendants' deadline to file an answer to Plaintiffs' amended complaint, which originally fell on June 21, 2024 by operation of Federal Rule of Civil Procedure 12(a)(4)(A). Defendants regret the oversight. Plaintiffs do not oppose this relief.

Dated: September 9, 2024

Respectfully submitted,

*/s/ Abhishek S. Kambli*
ABHISHEK S. KAMBLI (S.C. Bar No. 29788)
Deputy Attorney General
Topeka, Kansas 66612-1597
Tel: (785) 296-7109
Email: abhishek.kambli@ag.ks.gov

*Counsel for the States of Alaska, South Carolina, and Texas*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Simon G. Jerome*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
 Senior Trial Counsel
SIMON G. JEROME (D.C. Bar. No. 1779245)
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Twelfth Floor
Washington, D.C. 20005
Tel: (202) 514-2705
Email: simon.g.jerome@usdoj.gov

*Counsel for Defendants*